[No. 2827.   June 14, 1923.]

## OLDHAM v. OLDHAM.

### (SYLLABUS BY THE COURT.)

Findings of the trial court will not be disturbed when supported by substantial evidence.

Appeal from District Court, Roosevelt County; Bratton, Judge.

Action by W. O. Oldham against Ophelia B. Oldham. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 28 N. M. 163, 208 Pac. 886.

E. R. Wright, of Santa Fé, for appellant.

Reese & Morgan, of Portales, and C. J. Roberts, of Santa Fé, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. The parties were married at Sweetwater, Tex., on May 26, 1920. They lived together only until June 5, 1920, when they separated, the appellant returning to her former home in Memphis, Tenn. On September 7, 1920, appellee filed his complaint for an absolute divorce against appellant on the ground of abandonment. Appellant filed an answer in which she denied her abandonment of appellee June 5, 1920, and alleged that the separation at that time was by mutual consent and temporary in character, and was to continue until the following September, when the parties should attempt to formulate some plan whereby they could live comfortably and happily as man and wife. She filed a cross-complaint, alleging cruel and inhuman treatment on the part of the appellee, and prayed for a divorce, restoration of her former name, for alimony and counsel fees pendente lite, and permanent alimony. The appellee filed a reply denying all the material allegations of the cross-complaint. The case was tried before the court,

and the judge saw and heard the witnesses.   He made
the following findings of fact and conclusions of law:

"First, that the plainti.., at the time he filed this suit,
resided in Roosevelt county, N. M., and had been a bona
fide resident of said county and state for more than one
year next preceding the filing of said complaint, and that
the defendant at such times resided in Memphis, Tenn.

"Second, that the plaintiff and defendant were inter-
married at Sweetwater, Tex., on May 26, 1920, and there-
upon became husband and wife; that they continued to live
together as husband and wife until June 5, 1920, at which
time the defendant returned to Memphis, Tenn.; that since
the last-mentioned day, namely, June 5, 1920, the plaintiff
and defendant have never lived and cohabited together
as husband and wife.

"Third, that after their separation the plaintiff requested
defendant to join him at Poratles, N. M., where they should
take up and establish their permanent residence, living to-
gether as husband and wife; that such request was made
on or about July 7, 1920; that defendant refused to accede
to plaintiff's request, but, on the contrary, failed and refus-
ed to come to Portales and there join and live with the
plaintiff as his wife; that such refusal occurred during
July, 1920, and that thereby and thereupon the defendant
abandoned plaintiff and has ever since failed and refused
to join him at Portales for the purpose of further living
with him as his wife.

"Fourth, that defendant's reasons for such refusal were
that she objected to living in a Western country, and par-
ticularly at Portales, because she considered the same to
be a small Western cow town that could not furnish and
afford to herself and children school and social facilities
and advantages which she considered suitable and proper,
and for the further reason that household servants could
not be there obtained.   I further find that such objections
were not well taken or founded, and that Portales was a
suitable place in which plaintiff and defendant could es-
tablish and maintain their home and rear their children.

"Fifth, that Portales, N. M., is a town of 1,500 inhabi-
tants, with good schools, good society, and good moral and
intelligent people, and affords splendid school and social
facilities and advantages.

"Sixth, that the separation between the plaintiff and de-
fendant was not caused nor occasioned by any cruelty of
the plaintiff, as set forth and pleaded in the cross-com-
plaint, but was brought about and occasioned by the plain-
tiff's desire and demand that they live and reside at Por-
tales, which was objectionable to the defendant, because
it did not afford school and social facilities and advantages
which she deemed and considered proper for herself and

children, and in this connection I find that her said objection was not well taken nor well founded, but that said town did afford suitable and proper school and social facilities and advantages for herself and children."

### "CONCLUSIONS OF LAW.

"First, that, when defendant failed and refused to comply with and accede to plaintiff's request and demand that she join him at Portales for the purpose of establishing their home and living and residing together as man and wife, she thereby abandoned the plaintiff as contemplated by law.

"Second, that Portales, N. M., was and is a suitable and proper place for plaintiff and defendant to establish and maintain their home and live together as husband and wife, and that such place was not an unreasonable place for such purposes, and that plaintiff had the legal right under the facts and circumstances to designate the same as their home, and defendant was legally bound and obligated to join and reside with him there.

"Third, that, defendant having abandoned the plaintiff as heretofore stated, the plaintiff is entitled to recover the decree of divorce as prayed for, and that defendant having failed to sustain the allegations in her cross-complaint contained, is not entitled to a decree of divorce, nor the restoration of her maiden name, and that she is not entitled to recover alimony."

We have carefully examined the transcript in the case, and find that the evidence submitted to the court not only supports the findings, but preponderates in their support. That the legal conclusions drawn from the facts are correct is apparent.

The trouble about this marriage is that the two people concerned come from two entirely different and dissimilar environments. The appellant is a cultivated and refined woman, used to all of the comforts and attractions of life which may be had in a city like Memphis, Tenn. The appellee is a frontiersman, used to the rougher and less polished and less softened contacts of life. Both the parties had reached middle age, and the appellee had passed the meridian of life. Neither found himself able to change and to accommodate himself to the requirements of the other. They should not have married without some great overmastering affection, which would enable them to yield and

overlook the differences which necessarily existed between them, owing to their previous modes of life. They evidently did not have the benefit of such an affection to help them over the rough places, and the matrimonial venture necessarily proved a failure. This being the case, the law furnishes the rule whereby the matrimonial domicile may be established. The husband has the right, within certain limitations, to designate the place of the matrimonial domicile. So long as it is reasonably suitable, under all the circumstances, his right is to be unquestioned. Portales, N. M., is good enough for anybody, regardless of who he is or where he comes from. While the variety of its advantages is not so great as that possessed by some cities or towns in other parts of the country, the quality of its advantages, so far as morals, intelligence of its people, its educational and social characteristics, is as good as is to be found anywhere. Of these advantages the appellant refused to avail herself, and refused to resume her relation with her husband, because she deemed them inadequate. In this connection she violated her obligation to her husband in such a way as to entitle him to the divorce which has been granted.

For the reasons stated, the judgment of the court below will be affirmed; and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case in the court below, did not participate in this opinion.